## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GHOLLAM NIKBIN,**<br><br>Plaintiff,<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN, et al.,**<br><br>Defendants. | Civil Action No. 04-008 (JDB) |

### ORDER

Plaintiff Ghollam Nikbin has moved for reconsideration of the Court's January 10, 2007 order and January 11, 2007 memorandum opinion dismissing the claims against defendant Ali Akbar Hashemi Rafsanjani ("Rafsanjani") for want of personal jurisdiction.  See Nikbin v. Islamic Republic of Iran, 471 F. Supp. 2d 53 (D.D.C. 2007).  While there is no Federal Rule of Civil Procedure that expressly addresses motions for reconsideration, see Lance v. United Mine Workers of Am. 1974 Pension Trust, 400 F. Supp. 2d 29, 31 (D.D.C. 2005), plaintiff has styled his motion pursuant to Federal Rule of Civil Procedure 60(b), claiming relief is warranted based upon excusable neglect, newly discovered evidence, and the particular circumstances of this case.  See Pl.'s Mot. for Reconsider. at 1.

"[A] district court enjoys significant discretion in deciding whether to grant or deny a Rule 60(b) motion."  Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv., 72 F.3d 897, 903 (D.C. Cir. 1996).  Based upon the large measure of discretion that is afforded district courts, "[r]elief under Rule 60(b)(1) motions is rare."  Hall v. Cent. Intelligence Agency, 437 F.3d 94, 99

(D.C. Cir. 2006). Additionally, it is well established that Rule 60(b)(6) "relief should be only sparingly used" in "extraordinary circumstances." Computer Prof'ls, 72 F.3d at 903 (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)). For the reasons stated below, the Court holds that plaintiff is not entitled to Rule 60(b) relief in this action.[1]

To challenge the dismissal of the official-capacity claims brought against Rafsanjani, plaintiff argues that Rafsanjani should no longer be entitled to service of process under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a), because he is no longer President of Iran. When an individual defendant is sued in his official capacity as an officer of a foreign state, however, he is entitled to the same sovereign-immunity protections under the FSIA that are afforded to the foreign state. See Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1023, 1030 (D.C. Cir. 1997); El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 671 (D.C. Cir. 1996); see also Belhas v. Ya'Alon, 466 F. Supp. 2d 127, 130-31 (D.D.C. 2006) (finding that a retired Israeli military official who was sued for actions taken in his official capacity was still entitled to the protections of the FSIA). Since plaintiff has sued Rafsanjani in his official

---

[1] Alternatively, plaintiff's motion for reconsideration could be considered under Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Though courts have often treated motions to reconsider as motions to alter or amend a judgment under Rule 59(e), see Emory v. Sec'y of Navy, 819 F.2d 291, 293 (D.C. Cir. 1987), plaintiff did not file his motion for reconsideration within the ten-day time limit of that rule. See Fed. R. Civ. Proc. 59(e). "An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule." Computer Prof'ls, 72 F.3d at 903; see also Hall, 437 F.3d at 98 (finding that the district court properly analyzed a motion for reconsideration under Rule 60(b) when the motion was not filed within the ten-day time limit of Rule 59(e)). Hence, the Court has used the Rule 60(b) analysis proposed by plaintiff, but the Court reaches the same disposition of plaintiff's motion under a Rule 59(e) analysis.

capacity, the protections of the FSIA apply, and based on the analysis discussed at length in the Court's January 11, 2007 memorandum opinion, the Court reaffirms its prior holding that the requirements for service of process found in § 1608(a) govern the official-capacity claims against Rafsanjani.  See Nikbin, 471 F. Supp. 2d at 63-67.

Plaintiff also argues that under Federal Rule of Civil Procedure 4(m) he should have been given notice of the possibility of dismissal and should have been afforded an opportunity to show good cause for his failure to serve defendant Rafsanjani in his official capacity.  Rule 4(m), however, "does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)." Fed. R. Civ. Proc. 4(m); see also Fed. R. Civ. Proc. 4(j)(1) ("Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608.").  Furthermore, in a previous order dated July 13, 2006, this Court gave plaintiff adequate notice that service was at issue when it required plaintiff to file proof by July 27, 2006, that service had been properly accomplished for the individual defendants.  Finding no reason to change its previous assessment of plaintiff's failure to accomplish service upon Rafsanjani pursuant to the requirements of § 1608(a), the Court denies plaintiff's motion for reconsideration as to the official-capacity claims.

Finally, regarding plaintiff's claims brought against defendant Rafsanjani in his personal capacity, plaintiff argues that Rafsanjani has sufficient contacts with the United States to justify the exercise of personal jurisdiction.  To the extent that plaintiff asserts additional information in the affidavit from Dr. Mohammad Parvin, that information could have been presented earlier and does not constitute new evidence that was previously unavailable to plaintiff.  In any event, the information in the affidavit still fails to demonstrate the continuous and systematic contacts

required for the exercise of general personal jurisdiction over Rafsanjani.  See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984).  The Court also finds nothing in plaintiff's motion that warrants revisiting the prior holding that plaintiff's allegations do not support the exercise of specific personal jurisdiction over Rafsanjani.  See Nikbin, 471 F. Supp. 2d at 72-73.

Accordingly, upon consideration of plaintiff's motion for reconsideration, and the entire record herein, and for the reasons explained above, it is this 28th day of September, 2007, hereby

**ORDERED** that [46] plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

                                          /s/ John D. Bates
                                         JOHN D. BATES
                                 United States District Judge